NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PROFESSIONAL ORTHOPEDIC ASSOCIATES, PA., DR. JASON COHEN, M.D., F.A.C.S., and P.G., <br><br> Plaintiffs, <br><br> v. <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, <br><br> Defendant. | Civil Action No. 14-4731 (SRC) <br><br> OPINION |

**CHESLER**, District Judge

     This matter comes before the Court on the motion filed by Defendant Horizon Blue Cross Blue Shield of New Jersey ("Defendant" or "Horizon") to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs have opposed the motion. The Court has considered the papers filed by the parties. For the reasons that follow, the Court will grant the motion in part and deny it in part.

     **I.    BACKGROUND**

     This action to recover benefits arises out of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. Plaintiff P.G., a New Jersey resident, is a member of an employer-sponsored health care plan "issued and/or administered by Horizon." (Compl., ¶ 5.)

The Court will refer in this Opinion to P.G.'s health care plan as the "Horizon plan." The following facts are alleged in the Complaint and are taken as true for purposes of this motion only.

On September 9, 2013, P.G. underwent spinal surgery performed by Dr. Jason Cohen, an orthopedic surgeon with the medical provider group known as Professional Orthopedic Associates ("POA"). Both Dr. Cohen and POA are also named as Plaintiffs in this ERISA suit. P.G. sought coverage for their services under her Horizon plan's provision for out-of-network benefits, as neither Dr. Cohen nor POA were in the network of providers with which the plan has contracted rates. On September 13, 2013, Dr. Cohen and POA submitted a claim to the Horizon plan on P.G.'s behalf in the amount of $480,379. Horizon determined that the allowable amount of reimbursement under P.G.'s plan was $22,272.63, and, after deducting the applicable coinsurance obligation borne by the plan member, paid the claim accordingly. Dr. Cohen and POA appealed the benefit determination through the plan's two-level appeals process, but their appeals were denied.

P.G., Dr. Cohen and POA thereafter initiated this lawsuit against Horizon to recover the benefits they claim are due to them under the plan. Plaintiffs assert a cause of action under ERISA § 502(a)(1)(B).[1] The Complaint also sets forth a separate count requesting attorneys' fees in this action pursuant to ERISA § 502(g)(1).

---

[1] In Count II, the Complaint filed by Plaintiffs asserts a claim seeking statutory penalties under ERISA § 502(c) for the alleged failure by Horizon to provide documents requested by Dr. Cohen on behalf of patient P.G. In their brief in opposition to this motion to dismiss, Plaintiffs concede that the claim cannot be pursued against Horizon because the disclosure obligation allegedly violated pertains to plan administrators and, as Plaintiffs further concede, Horizon is not the plan administrator. The claim will accordingly be dismissed.

**II.     DISCUSSION**

The principal issue raised in this motion to dismiss concerns the statutory standing of provider Plaintiffs Dr. Cohen and POA to pursue a claim for benefits under ERISA § 502(a)(1)(B). In relevant part, ERISA § 502(a), the statute's civil enforcement mechanism, empowers only the "participant or beneficiary" of a plan to bring an action "to recover benefits due to him under the terms of his plan [or] to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Before reaching the ERISA standing issue, however, the Court must first address a challenge to subject matter jurisdiction presented by Defendant. Arbaugh v. Y& H Corp., 546 U.S. 500, 514 (2006) (holding that because subject matter jurisdiction involves a court's power to hear a case, courts have an independent obligation to determine whether subject matter jurisdiction exists and must dismiss an action in its entirety if it is lacking). Regardless of whether the proper plaintiff on the ERISA claim is P.G., as the plan beneficiary, or, derivatively under an assignment theory, her provider, Horizon argues that the action must be dismissed pursuant to Rule 12(b)(1) for Plaintiffs' failure to present a justiciable question under Article III of the Constitution.

Article III, § 2 of the Constitution limits the subject matter jurisdiction of federal courts to "cases" or "controversies." Standing to sue or defend is an aspect of the case-or-controversy requirement. Ne. Fla. Chapter, Associated Gen. Contractors of Am. v. Jacksonville, 508 U.S. 656, 663–64 (1993). "[T]he doctrine of standing serves to identify those disputes which are appropriately resolved through the judicial process." Whitmore v. Arkansas, 495 U.S. 149, 155 (1990). It is well-established that Article III standing contains three elements: (1) a plaintiff has suffered an injury-in-fact, (2) the injury is fairly traceable to some action of the defendant and (3)

3

the injury is capable of redress by the court.  Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992).

Horizon maintains that Complaint fails to state P.G. sustained injury in fact as a result of any purported ERISA violation concerning underpayment of benefits, because it does not allege that providers have balance billed her.  Thus, they argue, even assuming benefits were improperly determined, she has sustained no injury because she does not claim that she has paid or is under an obligation to pay her providers an amount in excess of her responsibility had the alleged ERISA violation not been committed.  The Court concludes that the existence of a financial obligation by P.G. to her out-of-network providers for services rendered has no bearing on whether she has suffered injury in fact as a result of Horizon's alleged failure to pay the required benefits under the governing ERISA plan.  For purposes of constitutional standing, "injury in fact" has been defined by the Supreme Court as "an invasion of a legally protected interest which is (a) concrete and particularized . . . and (b) actual or imminent, not conjectural or hypothetical."  Lujan, 504 U.S. at 560 (citations and quotations omitted).  Taking the Complaint's factual allegations as true, injury in fact occurred when Horizon determined reimbursement for the claim related to Dr. Cohen's surgical services in an amount that gave P.G. a lesser benefit than the health care plan entitled her to receive.  Stated differently, the receipt of a lesser benefit than Horizon allegedly should have paid had it honored plan terms is a sufficiently concrete invasion of P.G's legally protected interest under ERISA and her plan to confer Article III standing.  Moreover, there is nothing hypothetical about the claimed injury.  As alleged, the harm actually occurred and is particularized to P.G.  Thus, to the extent Defendant moves for dismissal under Rule 12(b)(1) for lack of Article III standing, the motion will be denied.

Having determined that it has subject matter jurisdiction over this action, the Court turns to the issue of Plaintiffs' standing to sue under ERISA § 502(a). The standard of review applicable to this motion to dismiss is set by Federal Rule of Civil Procedure 12(b)(6).  Maio v. Aetna, Inc., 221 F.3d 472, 482 n. 7 (3d Cir. 2000) (holding that a motion to dismiss for failure by a plaintiff to meet statutory prerequisites to bring suit falls within the purview of Rule 12(b)(6)); see also North Jersey Brain & Spine Ctr. v. Aetna, Inc., --- F.3d ---, No. 14-2101, 2015 WL 5295125, at *1 n.3 (3d Cir. Sept. 11, 2015) (noting that, when statutory limitations to sue are non-jurisdictional, as is the case where a party claims derivative standing to sue under ERISA § 502(a), a motion to dismiss challenging such standing is properly filed under Rule 12(b)(6)).  To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In reviewing the sufficiency of a complaint, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

Dr. Cohen and POA are admittedly neither participants nor beneficiaries of the governing Horizon plan.  Dr. Cohen and POA claim they are authorized to bring suit based on an assignment of rights given by P.G. in their favor.  The Third Circuit recognizes that "health care providers may obtain standing to sue [under ERISA § 502(a)] by assignment from a plan participant."  Cardionet, Inc. v. Cigna Health Corp., 751 F.3d 165, 176 n. 10 (3d Cir. 2014).

Defendant Horizon argues that, as a threshold matter, there is an irreconcilable conflict in the pursuit of the ERISA § 502(a) claim by both the beneficiary assignor and the provider

5

assignees in this action. In other words, the claim for benefits due under the plan belongs either to P.G. as a beneficiary of the Horizon plan or to Dr. Cohen and POA, by virtue of a valid assignment executed by P.G., but it necessarily cannot belong to both. Horizon is correct. It is basic hornbook law that an "assignment" accomplishes the "transfer of rights or property." Black's Law Dictionary (9th ed. 2009); see also Middlesex Surgery Ctr. v. Horizon, Civ. Action No. 13-112 (SRC), 2013 WL 775536, at *3 (D.N.J. Feb. 28, 2013) (holding same). The "assignment of a right is a manifestation of the assignor's intention to transfer it by virtue of which the assignor's right to performance by the obligor is extinguished in whole or in part and the assignee acquires the right to such performance." In re Jason Realty, L.P., 59 F.3d 423, 427 (3d Cir. 1995) (setting forth New Jersey law on assignments and citing Restatement (Second) of Contracts § 317 (1981) and Aronsohn v. Mandara, 98 N.J. 92, 98 (1984); see also Amboy Nat'l Bank v. Generali—U.S. Branch, 930 F. Supp. 1053, 1059 (D.N.J. 1996) ("the act of assignment itself extinguishes all of the assignor's rights in everything that is being assigned"). According to the terms of ERISA § 502(a), the claim to recover benefits belongs to P.G., unless Plaintiffs Dr. Cohen and POA can establish that they have acquired the right to sue under ERISA through assignment by P.G. If that is the case, then P.G. has relinquished her right to bring the cause of action. It is, however, abundantly clear that both assignor and assignee cannot proceed with the claim.

     The Court then turns to the assignment on which Dr. Cohen and POA base their right to sue. According to the Complaint, P.G. executed two forms: an Authorization of Designated Representative ("DAR") and an Assignment of Benefits with Rights ("AOB"). The DAR authorizes Dr. Cohen and POA to pursue appeals to Horizon in connection with the "determination of services." (Compl., ¶ 18.) The Complaint further alleges that, in the AOB

6

"signed by Patient PG on or about April 25, 2014," P.G. agreed that she "hereby assign[ed] all rights . . . and benefits due me . . .to [Dr. Cohen] . . . as my designated Authorized Representative, all medical benefits and/or insurance reimbursement, if any, otherwise payable to me for services rendered." (Id., ¶ 19.) That document also stated as follows:

> I hereby convey to POA and Dr. Cohen, to the full extent permissible under the law and under any applicable employee group health plan(s), insurance policies or liability claims, any claim, chose in action, or other right I may have to such group health plans, health insurance issuers or tortfeasor insurer(s) under any applicable insurance policies, employee benefit plan(s) or public policies with respect to medical expenses incurred as a result of the medical services I received from POA and Dr. Cohen . . . including, but not limited to (1) obtaining information about the claim to the same extent as the assignor; (2) submitting evidence; (3) making statements about facts or law; (4) making any request, or giving, or receiving any notice about appeal proceedings; and (5) any administrative and judicial actions by POA and Dr. Cohen to pursue such claim, chose in action or right against any liable party or employee group health plan(s), including, if necessary, to bring suit by POA and Dr. Cohen against any such liable party or employee group health plan in my name with derivative standing but at POA and Dr. Cohen's expense.

(Id.)

According to the Third Circuit's recent precedential decision in North Jersey Brain & Spine Center v. Aetna, the language of the AOB signed by P.G. clearly constitutes a valid transfer of her right, as plan beneficiary, to bring an ERISA § 502(a)(1)(B) claim for benefits under the Horizon plan. In North Jersey Brain & Spine Center, the Court of Appeals held that "when a patient assigns payment of insurance benefits to a healthcare provider, that provider gains standing to sue for that payment under ERISA § 502(a)." North Jersey Brain & Spine Ctr., 2015 WL 5295125, at *2. In the AOB, P.G. assigned not only her right to the benefits and/or reimbursements owed to her under her ERISA-governed Horizon plan, but also "any claim, chose in action, or other right" she has to the plan. Pursuant to the assignment language set forth in the Complaint, P.G. has relinquished her right to sue for benefits under ERISA § 502(a) and

7

transferred it to provider Plaintiffs Dr. Cohen and POA. Her claim will accordingly be dismissed, and insofar as Horizon's motion seeks dismissal of the provider Plaintiffs' § 502(a) claim, the motion will be denied.

Apart from the issue of statutory standing, Horizon has also argued that because § 502 subjects only the plan itself to liability for unpaid benefits, the ERISA claim cannot proceed because Horizon is neither the plan nor its administrator. See 29 U.S.C. § 1132(d)(2). ERISA § 502 authorizes suit against the plan and its administrators in their official capacities. Graden v. Conexant Sys. Inc., 496 F.3d 291, 301 (3d Cir. 2007). ERISA defines "administrator" as "the person specifically so designated by the terms of the instrument under which the plan is operated" or, "if an administrator is not so designated, the plan sponsor." 29 U.S.C. § 1002(16)(A)(i) & (ii). Plaintiffs acknowledge that Horizon is not the "plan administrator" according to the plan but counter that they have sufficiently stated a claim against Horizon because they have alleged that Horizon exercised discretionary authority over benefits decisions. They argue that Horizon's conduct in making benefits determinations render it an ERISA fiduciary with respect to the Horizon plan and, in particular, with respect to the benefits decision at issue and thus make it an appropriate defendant on the § 502(a)(1)(B) claim. Plaintiffs rely on the Third Circuit's decision in Curcio v. John Hancock Mutual Life Insurance Co., in which the court held that suit under § 502(a)(3)(B)'s equitable relief provision could be brought against a party other than the plan, so long as the party was a fiduciary of the plan. Curcio v. John Hancock Mutual Life Ins. Co., 33 F.3d 226, 233 (3d Cir.1994). Other courts, including those of this district, have been guided by Curcio to hold that a § 502(a)(1)(B) claim for benefits can be brought against a third-party administrator of a plan if it is a fiduciary. See, e.g., Briglia v. Horizon Healthcare Svcs., Inc., No. Civ. A. 03-6033 FLW, 2005 WL 1140687, at *5 (D.N.J.

May 13, 2005). Moreover, in a non-precedential opinion, the Third Circuit has held that the defining feature of a proper defendant under ERISA § 502(a)(1)(B) is whether that person or entity "exercis[es] control over the administration of benefits." Evans v. Employee Benefit Plan, Camp Dresser & McKee, Inc., 311 F. App'x 556, 558 (3d Cir. 2009).

The Court finds that Plaintiffs' allegations regarding Horizon's role in analyzing the claim at issue and making the challenged benefits determination are sufficient to state a § 502(a) claim against it. Regarding the definition of a fiduciary, ERISA provides as follows:

> [A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan. Such term includes any person designated under section 1105(c)(1)(B) of this title.

29 U.S.C. § 1002(21)(A). Though Evans is not precedential, the Court is guided by its consideration of the proper target of an ERISA claim. Rather than looking solely to the plan's identification of "plan administrator," the Evans court focused on whether the identified entity had discretion to interpret the plan and make benefits determinations. Here, the Complaint has alleged that Horizon exercised such discretionary responsibility. Accordingly, the claim under § 502(a)(1)(B) asserted by Dr. Cohen and POA against Horizon will not be dismissed under Rule 12(b)(6).

Finally, insofar as Defendant moves to dismiss Count III of the Complaint, its motion will be denied. In Count III, Plaintiffs attempt to assert a separate claim for attorneys' fees under ERISA § 502(g)(1). While Horizon is correct that the statute does not create an independent cause of action for attorneys' fees, ERISA does provide for such awards to parties that prevail on

a cause of action authorized by the statute.  As Plaintiffs Dr. Cohen and POA may proceed on their ERISA § 502(a)(1)(B) claim, the Court will not dismiss Count III, which the Court construes as a demand for an attorneys' fee award.

### III.   CONCLUSION

For the foregoing reasons, all claims brought by P.G. in this action will be dismissed.  Count II of the Complaint will also be dismissed.  The remainder of the motion to dismiss will be denied.

An appropriate Order will be filed.

    s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: September 16, 2015