# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

|  |  |  |
|---|---|---|
| | : | |
| PROFESSIONAL ORTHOPAEDIC | : | |
| ASSOCIATES, P.A. and JASON D. | : | **Civil Action No. 14-4731 (SRC)(CLW)** |
| COHEN, M.D., F.A.C.S., as designated | : | |
| authorized representatives of PG, and | : | |
| Patient PG, | : | |
| | : | **OPINION** |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| HORIZON BLUE CROSS BLUE SHIELD | : | |
| OF NEW JERSEY, | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

**CHESLER**, District Judge

 Plaintiffs Professional Orthopaedic Associates, P.A. ("POA") and Jason Cohen, M.D.,

F.A.C.S, ("Dr. Cohen") as designated authorized representatives of PG ("P.G."), (collectively,

"Plaintiffs") bring this action under Section 502(a)(1)(B) of the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), against Defendant Horizon Blue

Cross Blue Shield of New Jersey ("Defendant").  Plaintiffs seek to challenge Defendant's denial

of health insurance benefits allegedly owed to P.G. for medical care provided by Plaintiffs.  In

addition, Plaintiffs seek attorney's fees pursuant to 29 U.S.C. § 1132(g)(1).  Now before the

Court are Plaintiffs' (ECF No. 40) and Defendant's (ECF No. 39) motions for summary

judgment, pursuant to Federal Rule of Civil Procedure 56.  The Court has reviewed the parties'

submissions and proceeds to rule without oral argument.  See Fed. R. Civ. P. 78(b).  For the

reasons set forth below, Defendant's motion will be granted, and Plaintiff's motion will be denied.

## I.    BACKGROUND

At all times relevant to this case, P.G. was a participant in an employee welfare benefit plan (the "Plan") established by her employer, T&M Associates, and funded by a group insurance policy issued by Defendant.  (ECF No. 39-5, Statement of Uncontested Material Facts Pursuant to Local Rule 56.1 In Support of Horizon Blue Cross Blue Shield of New Jersey's Motion for Summary Judgment ("Def.'s SUMF"), ¶ 5; ECF No. 40-2, Plaintiff's Statement of Undisputed Facts Pursuant to FRCP 56 and Local Rule 56.1 ("Pls.' SUMF"), ¶ 5.)  Under the Plan, Defendant had discretionary authority to construe terms of the Plan and to determine eligibility for benefits.  (ECF No. 39-1, "Brief in Support of Defendant Horizon Blue Cross Blue Shield of New Jersey's Motion for Summary Judgment Pursuant to Rule 56(c) ("Def.'s Mov. Br."), at 11; ECF No. 40-1, "Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment ("Pls.' Mov. Br."), at 6.)

The Plan provides, in pertinent part, that "benefits for covered services are subject to any and all deductible(s), copayment(s), [and] coinsurance[s] . . . and are determined . . . based on [Defendant's] Allowance, unless otherwise stated."  (Def.'s SUMF ¶¶ 7-8; Certification of Catherine Valentin-Andaluz in Supporty of Horizon Blue Cross Blue Shield's Motion for Summary Judgment, ("Valentin-Andaluz Cert."), Exhibit A, Direct Access Health Insurance Policy ("Insurance Policy"), at 47;  Pls.' SUMF ¶ 40, Exhibit H, Direct Access Health Insurance Policy ("Insurance Policy"), at 47.)  That Allowance is defined as "the least of . . . : (a) the actual charge made by the Provider for the service or supply; . . . ; or (c) in the case of Out-of-Network Providers, the amount determined as 150% of the amount that would be reimbursed for the

service or supply under Medicare." (Insurance Policy, at 26.) Dr. Cohen and POA are "out-of-network" health care providers under the Plan. (Def.'s SUMF ¶¶ 2, 15; Pls.' SUMF ¶¶ 6, 9-10.) Under the Plan, the coinsurance for essentially all non-emergency, out-of-network medical services, including surgery, is 60%. (Insurance Policy, at 48-60.)

On September 9, 2013, P.G. underwent spinal surgery performed by Dr. Cohen. (Def.'s SUMF ¶¶ 2, 15; Pls.' SUMF ¶¶ 6, 9-10.) Soon thereafter, Plaintiffs submitted a claim on P.G.'s behalf to Defendant for reimbursement of services in the amount of $480,379.00. (Def.'s SUMF ¶ 16; Pls.' SUMF ¶¶ 7, 14.) Defendant paid a portion of that claim, $16,089.81, after calculating 150% the amount that would have been reimbursed for the billed services under Medicare, $22,272.63, and subtracting P.G.'s applicable coinsurance. (Def.'s SUMF ¶ 17; Valentin-Andaluz Cert., ¶ 16.) Plaintiffs subsequently appealed Defendant's decision through the two-step internal review procedure set forth in the Plan. (Def.'s SUMF ¶¶ 18-27; Pls.' SUMF ¶¶ 29-30, 34-35.) When that appeal was ultimately denied by Defendant, Plaintiffs brought the instant action to recover the unpaid amount.

## II.    LEGAL STANDARD

A moving party is entitled to summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

On a motion for summary judgment, the moving party bears the burden of establishing the basis for its motion and of demonstrating that there is no genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). If the moving party satisfies this burden, the nonmoving party must show that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985). The nonmoving party cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment." Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990).

## III.    DISCUSSION

1.    *Plaintiffs' Denial of Benefits Claim under 29 U.S.C. § 1132(a)(1)(B*

ERISA empowers a "participant [in] or beneficiary" of an employee benefit plan to bring an action to "recover benefits due to him under the terms of his [or her] plan . . . ." 29 U.S.C. § 1132(a)(1)(B). To prevail on a claim under Section 1132(a)(1)(B), a plaintiff must establish that he or she has "'a right to benefits that is legally enforceable against the plan,' and that the plan administrator improperly denied those benefits." Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012) (quoting Hooven v. Exxon Mobil Corp., 465 F.3d 566, 574 (3d Cir. 2006).

A challenge to a denial of benefits under Section 1132(a)(1)(B) is generally reviewed de novo. Viera v. Life Ins. Co. of N. Am., 642 F.3d 407, 413 (3d Cir. 2011) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115, 109 S. Ct. 948, 956, 103 L.Ed.2d 80, 95 (1989)). If, however, a plan "gives the administrator or fiduciary discretionary authority to make eligibility determinations," as is the case here, a court is to "review [the fiduciary's] decisions under an abuse-of-discretion (or arbitrary and capricious) standard." Id. (citations omitted). This standard applies to both findings of fact and matters of plan interpretation. Fleisher, 679 F.3d at 121.

A denial of benefits is arbitrary and capricious, and therefore may be overturned, if it was "without reason, unsupported by substantial evidence or erroneous as a matter of law." Miller v. Am. Airlines, Inc., 632 F.3d 837, 845 (3d Cir. 2011) (quoting Abnathya v. Hoffmann-La Roche, Inc., 2 F.3d 40, 45 (3d Cir. 1993)).  A plan "administrator's interpretation is not arbitrary if it is reasonably consistent with unambiguous plan language." Fleisher, 679 F.3d at 121.  Similarly, substantial evidence exists if there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.  In sum, a court "is not free to substitute its own judgment for that of . . . defendants in determining eligibility for plan benefits." Abnathya, 2 F.3d at 45.  Instead, "a plan administrator's decision will be overturned only if it is clearly not supported by the evidence in the record or the administrator has failed to comply with the procedures required by the plan." Orvosh v. Program of Grp. Ins. for Salaried Emp. of Volkswagen of Am., 222 F.3d 123, 129 (3d Cir. 2000).

Here, it is undisputed that, under the Plan's terms, Plaintiffs were only entitled to the lesser of (1) the actual charges that they billed or (2) 150% of the amount that would be reimbursed for the services they provided under Medicare.  Defendant has brought forth evidence, in the form of a certification from one of its employees, showing that the amount that Defendant reimbursed for those services was calculated based on its determination of "150% of what would have been paid under Medicare."  (Valentin-Andaluz Cert., ¶ 16.)[1]  Thus, in short,

---

[1] Plaintiffs argue that the Court should exclude from its consideration the certification of Defendant's employee, on which Defendant relies, because Defendant did not "disclose the name of this individual" in Defendant's disclosures pursuant to Federal Rule of Civil Procedure 26.  (ECF No. 43, Plaintiffs' Memorandum of Law in Further Support of Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment ("Pls.' Opp'n and Reply"), 5.)  This argument is without merit.  There is no indication that Plaintiffs were surprised by (1) Defendant's contention that it processed P.G.'s claim in accordance with the out-of-network level in the applicable insurance policy, or by (2) the existence of an employee of Defendant who would certify to this fact.  There is also no evidence suggesting that Defendant's failure to provide any information regarding such employees was due to willful deception.  Therefore, any failure by Defendant in this regard was "harmless," see Fed. R. Civ. P. 37(c)(1), and does not justify the "extreme sanction," In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 791-92 (3d Cir. 1994), of exclusion.

Defendant's decision was consistent with the explicit, unambiguous terms of the Plan and based

upon the actual rates of reimbursement for the applicable services under Medicare.  Plaintiffs, in

their moving papers and opposition to Defendant's motion, have failed to come forward with

evidence that would create a genuine, disputed issue as to these facts.  Therefore, no fact-finder

could reasonably conclude that Defendant's calculation was 'without reason' or 'unsupported by

substantial evidence.'[2]

Consequently, the Court finds, as a matter of law, that Defendant's denial of benefits

beyond the amount that it calculated was neither arbitrary nor capricious.  Accordingly,

Defendant's motion for summary judgment is granted with respect to Plaintiffs' denial of

benefits claim, and Plaintiffs' motion for summary judgment is denied to this extent as well.

2.      *Plaintiffs' Request for Attorney's Fees under 29 U.S.C. § 1132(g)(1)*

29 U.S.C. § 1132(g)(1) provides that, in an ERISA action, a district court "in its

discretion may allow a reasonable attorney's fee and costs of action to either party."  29 U.S.C. §

1132(g).  In determining whether attorney's fees should be awarded, a court may consider

several factors, including:

---

[2] Plaintiffs also appear to argue that, even if Defendant's decision were based on a proper calculation of what would have been paid under Medicare for the services they provided, Defendant's decision was arbitrary and capricious because, subsequently, Defendant failed to properly disclose information about that decision to P.G. or Plaintiffs, in violation of 29 U.S.C. § 1133. (Pls.' Opp'n and Reply, at 4, 7-9.)  This argument is also unavailing and does not warrant extensive discussion.  There is, in the first place, no basis for concluding that Defendant's communications violated Section 1133.  For example, Defendant's Explanation of Benefits (EOB) letters state that "[t]here was no referral or authorization on file for the[] services" provided by Plaintiffs and that "[t]herefore the claim was processed at [P.G.'s] out of network level of benefits."  (Cert. of Valentin-Andaluz, Exhibit B, Explanation of Benefits, dated September 24, 2013 and October 1, 2013, at 4, 10, 11.)  Defendant's responses to Plaintiffs' appeals also state that P.G.'s claim "was paid according to the member's contract."  (Cert. of Valentin-Andaluz, Exhibit E, Letter from Lynell Williams to Professional Orthopaedic Associates, PA, dated April 14, 2014; Cert. of Valentin-Andaluz, Exhibit G, Letter from Joannie Freenab to Jason Cohen dated May 30, 2014.)  Furthermore, even if such disclosures were insufficient, that fact would only justify a remand of this case back to Defendant for a determination of benefits eligibility in accordance with the Plan, see Syed v. Hercules Inc., 214 F.3d 155, 162 (3d Cir. 2000). Here, such remand would be plainly unnecessary, however, as the undisputed evidence shows that Defendant calculated P.G.'s insurance benefits in accordance with the unambiguous terms of the Plan.

> (1) the offending parties' culpability or bad faith; (2) the ability of
> the offending parties to satisfy an award of attorneys' fees; (3) the
> deterrent effect of an award of attorneys' fees against the offending
> parties; (4) the benefit conferred on members of the pension plan as
> a whole; and (5) the relative merits of the parties' position.

McPherson v. Employees' Pension Plan of Am. Re-Insurance Co., 33 F.3d 253, 254 (3d Cir.

1994) (citing Ursic v. Bethlehem Mines, 719 F.2d 670, 673 (3d Cir.1983)).  Here, the Court has

determined that Plaintiffs are not entitled to any substantive relief under ERISA.  Therefore,

Plaintiffs cannot be regarded as prevailing parties in this action.  Accordingly, the Court will

grant summary judgment in favor of Defendant as to Plaintiff's claim for attorney's fees under

29 U.S.C. § 1132(g)(1) and deny Plaintiffs' motion for summary judgment to this extent as well.

## IV.     CONCLUSION

Accordingly, for the foregoing reasons, Defendant's motion for summary judgment

pursuant to Fed. R. Civ. P. 56 is GRANTED, and Plaintiffs' motion for summary judgment is

DENIED.  An appropriate order shall issue.


        /s Stanley R. Chesler
      STANLEY R. CHESLER
      United States District Judge

Dated: September 13, 2017